2011 UT App 115

**Gordana PECIC, Petitioner,**

v.

**DEPARTMENT OF WORKFORCE SERVICES, Respondent.**

No. 20110090–CA.

Court of Appeals of Utah.

April 14, 2011.

---

Gordana Pecic, Salt Lake City, Petitioner Pro Se.

Jaceson R. Maughan, Salt Lake City, for Respondent.

Before Judges DAVIS, MCHUGH, and VOROS.

## DECISION

PER CURIAM:

¶ 1 Gordana Pecic seeks judicial review of the Workforce Board of Appeals's (Board) December 1, 2010 decision affirming the denial of unemployment insurance benefits. This matter is before the court on a sua sponte motion for summary disposition. We affirm.

¶ 2 Pecic challenges the Board's decision that her employer had just cause for terminating her employment. An individual is ineligible for unemployment benefits when he or she is discharged for "just cause." Utah Code Ann. § 35A-4-405(2)(a). Just cause exists where the employer establishes culpability, knowledge, and control. *See* Utah Admin. Code R994-405-202. An agency's findings of fact are accorded substantial deference and will not be overturned if based on substantial evidence, even if another conclusion from the evidence is permissible. *See Hurley v. Board of Review of Indus. Comm'n,* 767 P.2d 524, 526-27 (Utah 1988). This court will not disturb the Board's application of law to its factual findings unless its determination exceeds the bounds of reasonableness and rationality. *See Johnson v. Department of Emp. Sec.,* 782 P.2d 965, 968 (Utah Ct.App.1989).

¶ 3 To establish culpability, Pecic's employer was required to demonstrate that Pecic's conduct was so serious that continuing her employment would jeopardize her employer's rightful interests. *See* Utah Admin. Code R994-405-202(1). The Board found that Pecic was discharged for updating food temperature logs without having actually checked the food's temperature. The Board determined that Pecic's actions exposed her employer to potential liability by allowing her employer to serve food that had not been properly prepared or which was not safe. The Board also found that Pecic had been previously warned for this behavior, yet elected to ignore her employer's warning that such conduct would not be tolerated. Pecic asserts that her supervisor disliked her and "set her up." "It is the province of the Board, not appellate courts, to resolve conflicting evidence, and where

inconsistent inferences can be drawn from the same evidence, it is for the Board to draw the inferences." *Grace Drilling Co. v. Board of Review,* 776 P.2d 63, 68 (Utah Ct.App.1989). There is substantial evidence supporting the Board's determination that it was Pecic's duty to check the food temperature, but that she failed to do so. Thus, the element of culpability was established.

¶ 4 To establish knowledge, the claimant must have an understanding of the conduct expected by the employer. *See* Utah Admin. Code R994–405–202(2). Pecic knew, or should have known, that she was expected to perform temperature checks on food and to accurately report the results in the food temperature log. Pecic was previously warned for recording food temperatures without actually performing the temperature tests in the past, and was warned that her employment could be terminated if she failed to check food temperatures in the future. There is substantial evidence that Pecic knew the conduct expected by her employer, but that she chose to deviate from such expectations. Thus, the element of knowledge was established.

¶ 5 Finally, to establish control, the conduct causing the claimant's discharge must have been within the claimant's control. *See id.* R994–405–202(3). There was substantial evidence that Pecic could have performed the food temperature tests as required, but elected not to do so. Thus, the element of control was established.

¶ 6 There is substantial evidence in the record supporting the Board's determinations. The Board's decision that Pecic was terminated for just cause does not exceed the bounds of reasonableness and rationality.

¶ 7 Accordingly, the Board's December 1, 2010 decision is affirmed.